22-2326. So I've got my first and my second cases in which I have only one side arguing, in a row. And Ms. Weiss, once you are prepared, we'll hear from you. I think I'm good. When you're our height, you get used to the podiums being in a different place. Yes, you do. May it please the court, I am Patricia Weiss. I'm in Sag Harbor. I'm an attorney admitted in New York and California, and I'm also pro se. The order here is a sua sponte docket order from Judge Brown, which did not discuss in any way the five declaratory decrees that I was seeking. It seems that he focused on just the injunctive relief. In 1996, Judge Newman, in a case called Cooper v. Town of East Hampton, you wrote an opinion on a motion, and it was on Rule 58, declaratory judgment order, and Rule 54B, Cooper v. Town of East Hampton. And you said the issue appears not to have previously arisen. And I think that may be similarly what happened here with this type of order. I think there was a procedural- Wasn't the district courts concerned that there's state court litigation going on? Yes. Was that true in the earlier case you cited? Pardon me? Was that true in the earlier case you cited? Oh, Cooper, the case from 1996? Yeah. No, a different- So that case doesn't really help us if there was no state court proceeding appeal going on. No, but- So let's deal with the fact that a state court appeal was going on. Why wasn't the district court correct to invoke Rooker- Well, the district court wasn't correct for a couple reasons. Number one, the abstention arguments were Rooker v. Feldman, the judge Brown relied on, and that's incorrect because whatever was going on in state court- I wasn't a party. You understand? I was just the attorney. I couldn't be a state court winner or a state court loser or any of that because I wasn't even a party. But under the Rooker-Feldman doctrine, when the appeal part isn't done, Rooker-Feldman doesn't apply. That's in this court's Hunter v. McMahon and Green v. Mattingly, which involved Exxon, and that's one of the reasons. Also, for the Rooker-Feldman doctrine, the judge cited McPherson v. Town, and Rooker-Feldman didn't apply either, Judge Hurley said. Actually, I was Mr. McPherson's lawyer. So Rooker v. Feldman was not a reason to abstain. The Judge Brown's next reason- You say we've held that if the state court proceeding is on appeal, then Rooker-Feldman doesn't apply? Yes. Your modern case for that was from last July, 2023. But it would be younger abstention then? I'll move to that. Okay. Okay. All right. But that's from July of 2023, Hunter v. McMahon. Okay. I have it in my brief as Green v. Mattingly, page 37. The younger abstention is in three cases. Criminal, which this was not. A Huffman v. Pursue type of case, which is what's like New York Executive Law 6312, where Attorney General Letitia James has her action against Mr. Trump. That's where the state is pursuing. And this third area, which has been described in Sprint as a general category, things that affect the ongoings of the court, let's say, generally. But it's really a lot more specific. It's Penzoyl v. Texaco, and it's Judice v. Vail. Penzoyl v. Texaco only applies to a judgment where the party didn't ask the state court, could you help me out on this? And I did ask, could you stay? So Penzoyl wouldn't apply anyway. So is the sanctions order that you are contesting, which underlies your federal complaint, is that a part of a state court appeal that was still pending at the time you filed your complaint? The hearing hadn't happened yet. So what is the current status in state court of the appeal process from the state case in which those sanctions were imposed? The sanctions imposed, which didn't happen until the following February of 2023, I haven't been called yet for oral argument at the Second Department. So there's nothing final. Okay, I'm sorry. I think the order says, the dismissal order says that you are, your complaint surrounds the imposition of a sanction on you of $10,000. And it was never that. You're allowed under Part 130 to make, a judge is allowed to make a $10,000 award that goes to the lawyer's fund for client protection. It benefits the state and it goes to the state. So you basically have a third-party actor. But your complaint says what happened was your rights were violated by the imposition of monetary sanctions up to $10,000 without affording due process. I'm trying to understand. I thought the basis of your complaint was that this was improper to impose this sanction. Is that not the basis of your complaint? The basis of my complaint is that it's improper to the declaratory decree. So just what is it that's wrong? What happened to you that you are, what are you trying to vindicate in your federal case? I thought it was this order of the state court. The order of the state court, when I filed this and came to court, the order of the state court was setting a hearing for me where I would not have any opportunity to cross-examine anybody about the sanctions hearing that was going to happen on September 27th that the judge would be holding. And I maintain that that did not involve due process for a number of reasons. I should have had cross-examination. I should have had subpoenas. I should have, I wasn't a party to the case. But is that matter going through the appeals process in the New York state courts? Yes, it is still there. So why does younger abstention not apply here? This is an ongoing question that is working its way through the New York state courts, and we normally abstain to say let the state courts sort this out first until if you get a final judgment you have to decide whether it's a Rooker-Feldman problem or not. But it's an ongoing appeal, right? Younger applies where there, this was something to do with me in the underlying Whelan v. Busiello case. But is the question of the sanctions process being heard in the state court appeal or not? Is the sanction being challenged as part of the state court appeal? Yes, it is still in, it's in the system. Okay, I can say that. So why wouldn't this be considered a civil proceeding that, in terms of the subject of your complaint, why is it dealing with a civil proceeding that implicates the state interest in enforcing the orders and judgments of its courts? Okay, because in Sprint they talk just about two cases. That one would be Giudice v. Vail, let's say, enforcing the orders. There wasn't an order yet against me. If there is a judgment against you, if there is an order against you, then you have to come and sit for a subpoena, you have to do all those things or you're in contempt of court. It was not a contempt order. So the two examples that Judge Ginsburg gave in Sprint, which Judge Brown didn't even cite, are the final judgment, Texaco, and the contempt. I was not in contempt. So what you have is you have a very broad case here for that. Also, it's another case I brought here, Falco v. Matrimonial Judges of Suffolk County. And that's at conflict with the Ninth Circuit. The Ninth Circuit has said we emphasize that federal courts cannot ignore Sprint's strict limitations on younger abstention simply because states have an undeniable interest in family court. So a state court might have had an undeniable interest, but it didn't meet the requirements of that Sprint Category 3. It wasn't contempt. It wasn't final. There hadn't yet been an order. So that's why. That wouldn't apply. Anything further? Okay. We're over time, so if you want to wrap it up and we'll take your- Okay, but I was answering your question. No, no, I understand. But that's sort of how the time works around here. We've all been there. Okay. I asked for five declaratory decrees. So I think the case should be remanded. Declaratory decrees are different than injunctive relief, and Judge Brown only focused on injunctive relief. There are many cases. This is Wickler v. Cuda is one of them that says you were to get- you know, a judge is supposed to perform a review on the declaratory decrees. This case, this court has since, after Judge Brown ruled, it has since come up with a case called Admiral Insurance Company v. Niagara Transformer, 57-4-85-2023. And the one factor is whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court. And what Judge Sullivan did when he wrote that opinion is he clarified a bunch of existing cases. But that is not a good enough or a clear enough standard for issues of federalism. Thank you, counsel. We're over time. Well, thank you for your presentation.